IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) |
| Plaintiff, | ) Case No. 04 C 7687 ) |
| v. | ) Judge James B. Moran ) |
| ERA SOFT CORPORATION, an Illinois corporation d/b/a ERA LIMITED; and ALEKS RECHANIK, an individual, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF MICROSOFT CORPORATION'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST
DEFENDANTS ERA SOFT CORPORATION D/B/A ERA LIMITED AND
ALEKS RECHANIK**

Plaintiff Microsoft Corporation ("Microsoft") submits this reply memorandum in support of its motion for summary judgment against Defendants Era Soft Corporation, an Illinois corporation d/b/a Era Limited ("Era"), and Aleks Rechanik, an individual (collectively, "Defendants").

I.  **INTRODUCTION**

Because neither Defendant in this action has presented evidence creating a genuine issue of material fact, Microsoft's motion for summary judgment should be granted. Defendant Era has not filed an opposition to Microsoft's motion for summary judgment.[1] Defendant Rechanik has presented nothing to controvert the evidence of Defendants' distributions of counterfeit

---

[1] On August 15, 2006, the Court granted defense counsel's motion to withdraw. To date, Defendants have not appeared in this action with new counsel. The Answer to Opposing Motion for Summary Judgment was filed on behalf of Defendant Rechanik alone. The corporate Defendant, Era Soft Corporation d/b/a Era Limited, has not opposed Microsoft's motion for summary judgment and cannot oppose the motion because it may not proceed *pro se*. See *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). Microsoft's motion for summary judgment should therefore be granted against Era. Alternatively, it would be appropriate for the Court to enter a default judgment against Era. In that case, Microsoft would request that the default judgment include the same amount of damages that Microsoft seeks in its summary judgment motion.

Microsoft Office 97 (Professional Edition) ("Office Pro 97") software components, and counterfeit Windows 2000 Professional ("Windows 2000 Pro") and Windows 98 Certificate of Authenticity ("COA") labels.

In his Answer to Opposing Motion for Summary Judgment ("Answer"), Rechanik erroneously contends that Microsoft has not presented sufficient "proof" of the counterfeit nature of the Microsoft items distributed by Defendants. Rechanik's unsubstantiated claim is belied by the undisputed evidence before this Court establishing that the purported Microsoft software obtained from Defendants is, in fact, counterfeit. Equally important, however, is Rechanik's failure to controvert any of the material facts set forth by Microsoft in its moving papers; Rechanik's failure should properly result in all such material facts "deemed to be admitted." LR 56.1(b)(3)(C).

Rechanik also argues that he was not previously enjoined from infringing Microsoft's copyrights and trademarks as a result of the prior litigation between Microsoft and Rechanik. His assertion is incorrect given that the permanent injunction entered by the United States District Court for the Northern District of Ohio expressly prohibits Rechanik, his company Altim International Trading Co., and their agents, representatives, and successors from infringing Microsoft's trademarks and copyrights. Further, the permanent injunction from the previous litigation, while clearly providing Defendants with notice of their wrongdoing, is not necessary to establish Defendants' liability in present case. Because Defendants are liable as a matter of law based upon the undisputed facts, Microsoft's motion for summary judgment should be granted in its entirety.

## II. THE UNDISPUTED EVIDENCE ESTABLISHES THAT DEFENDANTS DISTRIBUTED COUNTERFEIT MICROSOFT ITEMS

When opposing a motion for summary judgment, the opposing party's evidence must be sufficient to create a genuine issue of fact that is material to the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material

LEGAL12009896.2

facts" and must present more than a "mere existence of a scintilla of evidence." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. 242, 252. The opposing evidence must be sufficiently probative to permit a reasonable trier of fact to find in favor of the opposing party. *Anderson*, 477 U.S. at 249-50. If the opposition evidence is merely "colorable" or "not-significantly probative," summary judgment should be granted. *Id.*

Further, the Local Rules of this Court provide that any party moving for summary judgment must submit a statement of material facts as to which there is no dispute. *See* LR 56.1. Any party in opposition to such motion must file a response that includes "any additional facts that require the denial of summary judgment." LR 56.1(b). If a party fails to file a response that specifically controverts the movant's material facts, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted." LR 56.1(b)(3)(C).

In the Answer, Rechanik claims that Microsoft has not proved that Defendants distributed counterfeit Microsoft items. *See* Answer, p. 1. Contrary to this assertion, Microsoft submitted substantial evidence in support of its motion for summary judgment, *see generally* Plaintiff Microsoft Corporation's Statement of Material Facts ("SMF"), which conclusively establishes that Defendants distributed counterfeit Office Pro 97 software, and counterfeit Windows 2000 Pro and Windows 98 COA labels. Specifically, the undisputed evidence shows:

- By court order dated March 7, 2000, Defendant Rechanik and his agents, representatives, and successors were subject to a permanent injunction, which prevented each of them from infringing Microsoft's copyrights and trademarks. SMF, ¶¶ 16, 17.

- In December 2002, Defendants distributed counterfeit Office Pro 97 software components to an investigator. SMF, ¶ 18.

- Two months later, in February 2003, Defendants distributed counterfeit Office Pro 97 software components, a counterfeit Windows 2000 Pro COA label, and a

      Windows 2000 Pro COA label, which was identified as having been stolen, to an investigator. SMF, ¶ 19.

- In April 2004, Defendants again distributed counterfeit Windows 2000 Pro COA labels and counterfeit Windows 98 COA labels to an investigator. SMF, ¶ 20.

- By letter dated May 17, 2004, Defendants received notification from Microsoft stating that Defendants had distributed counterfeit Microsoft items and demanding that they immediately cease and desist from such infringing conduct. SMF, ¶ 21.

- In September 2004, Defendants sold counterfeit Windows 2000 Pro COA labels and counterfeit Windows 98 COA labels to an investigator. SMF, ¶ 22.

Notwithstanding his bald assertions, Rechanik has failed to present any evidence that could create a genuine issue of material fact as to Defendants' liability for distributing counterfeit Microsoft items. Indeed, the Answer does not offer "any additional facts that require the denial of summary judgment," and each of Microsoft's material facts should be deemed admitted. *See* LR 56.1(b)(3)(C). In particular, Rechanik has not presented any evidence to contradict the Declaration of Kristi Lamb Bankhead, which sets forth in detail the counterfeit and infringing nature of the Microsoft software distributed by Defendants to investigators. Rechanik similarly does not dispute receiving the cease and desist letter from Microsoft. Further, Rechanik has failed to offer any legal argument or facts to refute his personal liability or the propriety of the requested statutory damages award, attorneys' fees and costs, and permanent injunction. Thus, Microsoft's summary judgment motion on its claims of copyright and trademark infringement, false designation of origin, and Illinois statutory and common law unfair competition should be granted. *Microsoft Corp. v. Logical Choice Computers,* 2001 WL 58950 (N.D. Ill., Jan. 22, 2001); *Microsoft Corp. v. Compusource Distributors, Inc.,* 115 F. Supp. 2d

800 (E.D. Mich. 2000);[2] *Microsoft Corp. v. Grey Computer*, 910 F. Supp. 1077, 1085-86 (D. Md. 1995).[3]

### III. THE UNDISPUTED EVIDENCE ESTABLISHES THAT MICROSOFT IS ENTITLED TO AN AWARD OF MAXIMUM NON-WILLFUL STATUTORY DAMAGES

In the Answer, Rechanik asserts he was "never enjoined from infringing Microsoft's copyrights [and] trademarks," and that any judgment against him in the previous litigation is meaningless given the Satisfaction of Judgment entered in that case. *See* Answer, p. 1. Rechanik misunderstands the relationship between the previous litigation and the present lawsuit. First, the undisputed evidence shows that by order dated March 7, 2000, the United States District Court for the Northern District of Ohio granted Microsoft's motion for summary judgment against Rechanik d/b/a Altim International Trading Co., awarded $980,000 in statutory damages, and entered a permanent injunction prohibiting the defendants and their agents, representatives, and successors from infringing Microsoft's intellectual property rights. SMF, ¶ 17. Second, Microsoft does not dispute that the judgment against Rechanik and his company from the first lawsuit was satisfied. *See* Satisfaction of Judgment. However, the previous lawsuit and permanent injunction, like the cease and deists letter dated May 17, 2004, are relevant to this action because they establish that Defendants had notice of their infringement of Microsoft's intellectual property rights before they distributed the counterfeit items specifically alleged by Microsoft in this action.

---

[2] Amended on October 19, 2000, by Order as to issues not relevant to this reference or any other reference herein.

[3] A full discussion of the legal basis for a finding of liability as to each of Microsoft's claims based upon the established facts is set forth in Microsoft's opening memorandum in support of its motion for summary judgment.

Under the Copyright and Lanham Acts, reckless conduct or willful blindness to infringement support a finding of willfulness. *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 288 (2dCir. 1999) (quoting *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993)); *see also* 15 U.S.C. §1117(b); *Grey Computer*, 910 F. Supp. at 1093. Moreover, courts consider a party's continued infringement after notice of the wrongdoing, such as the previous lawsuit, injunction, and cease and desist letter sent to Defendants in this case, to be the most probative evidence supporting a finding of willfulness. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991); *Inter'l Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 381 (7th Cir. 1988) (citing cases).

While the uncontroverted facts set forth in greater detail in Microsoft's opening papers demonstrate that Defendants were willfully blind to and acted in reckless disregard of Microsoft's rights, it is not necessary to make a finding of willfulness in order to grant the instant motion for summary judgment, as Microsoft has requested non-willful statutory damages. The case of *Microsoft Corp. v. Compusource Distributors, Inc.* is illustrative.

In that case, the defendants distributed counterfeit Microsoft software to an investigator. Microsoft sent the defendants a cease and desist letter notifying them that such conduct constituted infringement of Microsoft's registered copyrights and trademarks. 115 F. Supp. 2d 800, 803 (E.D. Mich. 2000). Despite receiving the letter, the defendants again distributed counterfeit Microsoft software to an investigator. *Id.* In granting Microsoft's motion for summary judgment, the court found that although the defendants were aware of assured sources of genuine Microsoft software, they nevertheless obtained the majority of the purported Microsoft software they distributed from unauthorized distributors. *Id.* at 807-08. The court further found that the defendants' acquisition of stand-alone COA labels, which should only be

acquired with corresponding genuine Microsoft software,[4] coupled with their receipt of a cease and desist letter confirming their infringing conduct, demonstrated defendants' egregious infringement. *Id.* at 809, 812. The Court awarded Microsoft non-willful statutory damages in the total amount of $535,000. *Id.* at 812.

Here, as in *Compusource*, Defendants' repeated distribution of counterfeit Microsoft items, despite receipt of a cease and desist letter, demonstrates Defendants' patent disregard for Microsoft's intellectual property rights and their liability for copyright and trademark infringement. Further, as in *Compusource*, the undisputed evidence shows that Defendants purchased COA labels from unauthorized vendors on a stand alone basis. SMF, ¶¶ 23, 24. Based on Defendants' distributions of counterfeit Microsoft items, Microsoft seeks non-willful statutory damages of $100,000 for each of its seven trademarks at issue and $30,000 for each of its six copyright at issue, for a total of $880,000.

The requested award of statutory damages equal to the maximum amount available for non-willful infringement is entirely reasonable and appropriate in light of Defendants' repeated infringement and their disregard of the permanent injunction and cease and desist letter. *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 265 (2d Cir. 2005) (stating a district court has broad discretion in setting the statutory damage award for non-willful infringement); *Logical Choice*, 2001 WL 58950; *Compusource*, 115 F. Supp. 2d 800. Microsoft's requested award is commensurate with the amount of statutory damages awarded by the United States District Court for the Northern District of Ohio in the first litigation against Rechanik, in which the court awarded the maximum amount of non-willful statutory damages for

---

[4] As discussed more thoroughly in Microsoft's motion, the legitimate function of a COA is to help a customer verify whether he has obtained genuine Microsoft software. As such, there is no legitimate reason to distribute a COA separate from the software program it was intended to authenticate.

LEGAL12009896.2

each copyright and trademark infringed.[5]

## IV. RECHANIK PRESENTS NO EVIDENCE DISPUTING THE INVESTIGATOR DECLARATIONS, WHICH SHOULD BE DEEMED ADMITTED

In the Answer, Rechanik makes unclear comments concerning the depositions of investigators. This case has been pending for nearly two years. Defendants have been aware of the identities of the investigators who purchased the counterfeit Microsoft items at issue since Microsoft's initial disclosures were served in February 2005 and since its responses to Defendants' written discovery requests were served in June 2005. Defendants had ample opportunity to notice the investigators' depositions but chose not to do so. As Defendants were represented by two sets of counsel during the discovery phase of the case -- both of whom actively participated in discovery -- Rechanik cannot legitimately claim ignorance of the discovery process and should not be allowed to further delay the resolution of this action.

Further, although Rechanik was personally involved in the transactions with the investigators, he has provided no evidence to contradict the facts set forth in the investigator's declarations, *see* SMF, ¶¶ 4, 19, 22, and Rechanik's failure should result in the Court deeming all such material facts admitted. LR 56.1(b)(3)(C). Indeed, Rechanik does not make any specific assertions as to what genuine issue of fact could be created, if any, were he to depose the investigators. In short, his unclear reference to investigator depositions does not serve as a proper basis for denying Microsoft's motion for summary judgment.

## V. CONCLUSION

The uncontroverted evidence before this Court conclusively shows that Defendants

---

[5] The court in the first litigation against Rechanik awarded $100,000 for each of the eight infringed trademarks and $20,000 for each of the nine infringed copyrights for a total statutory damages award of $980,000. SMF, ¶ 17. The statutory maximum for non-willful infringement at the time of the copyright

LEGAL12009896.2

distributed counterfeit and infringing Microsoft items, and the Court should grant summary judgment in favor of Microsoft on all claims, award Microsoft $880,000 in statutory damages plus reasonable attorneys' fees and costs, and enter a permanent injunction against Defendants.

Dated: October 27, 2006    MICROSOFT CORPORATION

By     */s/ Ryan B. Whitacre*
           One of Its Attorneys

Eric D. Brandfonbrener
Ryan B. Whitacre
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
(312) 324-8400 -- telephone
(312) 324-9400 -- facsimile

---

infringement in previous litigation was $20,000 per infringement. Subsequent amendments to the statute have increased this amount to $30,000 per copyright infringed. 17 U.S.C. § 504(c)(1).

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 27, 2006, he served true and complete copies of Plaintiff Microsoft Corporation's Reply Memorandum in Support of Its Motion for Summary Judgment Against Defendants ERA Soft Corporation d/b/a ERA Limited and Aleks Rechanik upon the following via U.S. mail:

| | |
|---|---|
| Aleks Rechanik<br>1216 Thorndale Lane<br>Lake Zurich, IL 60047 | ERA Soft<br>c/o Aleks Rechanik<br>1216 Thorndale Lane<br>Lake Zurich, IL 60047 |

                                                                                                       */s/ Ryan B. Whitacre*

Eric D. Brandfonbrener
Ryan B. Whitacre
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603
Telephone: (312) 324-8400
Facsimile: (312) 324-9400